```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ASSET CO IM REST, LLC et al.,                                          :
                                                                       :
                                Plaintiffs,                            :
                                                                       :       23 Civ. 9691 (JPC)
            -v-                                                        :
                                                                       :            ORDER
GERALD "JERRY" KATZOFF et al.,                                         :
                                                                       :
                                Defendants.                            :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court has reviewed the parties' submissions regarding the necessity of security bond pursuant to Federal Rule of Civil Procedure 65(c). *See* Dkt. 25 at 25; Dkt. 51 at 34-35; Dkt. 75 at 3 & n.3; Dkt. 78 at 2; Dkt. 81. As reflected in the injunction set forth in a separate Order also dated today, the Court has determined that security of $10,000 is appropriate under the circumstances. "Rule 65(c) gives the district court wide discretion to set the amount of a bond, and even to dispense with the bond requirement where there has been no proof of likelihood of harm." *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004) (internal quotation marks omitted). As a result of the Court's Order, Defendants will have to make several modifications to Il Giglio's interior design at some expense. As Defendants point out, the security is an important mechanism to ensure that Defendants will be able to recover in the event that they were "wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); *see* Dkt. 74 at 1.

The Court has been provided a sparse evidentiary record from which to set the security amount, unfortunately. The Court gave Defendants two opportunities to buttress this record, *see* Dkt. 72 at 44-45; Dkt. 80, but all Defendants mustered is a declaration from Defendant Gerald Katzoff in which he stated that a total of $150,000 was "a reasonable estimate" of the costs of both

complying with the injunction and then reversing the décor changes if needed. Dkt. 74-1 ¶¶ 4-5. Defendants later claimed that this figure is "based upon previous costs of similar items, as well as a reasonable estimate of the cost of having new murals created in the event that Plaintiffs are unsuccessful on their trade dress claims." Dkt. 81 at 1. Defendants also wrote that they "have not incurred substantial costs" from "paint[ing] over the mural and the 'Downtown' graphic and [removing] the glass pendants" after "us[ing] in-house labor" for that work, and that they "still do not have fixed costs" for some of the other design changes that they intend to make. *Id*. As Plaintiffs point out, *see* Dkt. 75 at 1, some courts in this District have determined that "the burden is on the party seeking security to establish a rational basis for the amount of the proposed bond." *Really Good Stuff, LLC v. BAP Invs., L.C.*, No. 19 Civ. 2213 (LLS), 2019 WL 6716447, at *2 (S.D.N.Y. Dec. 10, 2019) (internal quotation marks omitted). Whether Defendants have done so is up for debate, to put it charitably.

At the same time, the Court is hard-pressed to conclude that there is *no* proof of likelihood of harm, given the décor changes involved. And evidence in the preliminary injunction record provided by Plaintiffs indicates that the former Il Mulino Tribeca's décor came at a considerable expense. *See* Dkt. 26 ¶ 23 ("IMNY GS spent more than $240,000 to acquire unique décor, fixtures, artwork, and tableware for use at Il Mulino Tribeca."). Given that the Order only impacts some of the décor at Il Giglio and that Defendants have already made significant changes without "incurr[ing] significant costs," Dkt. 81 at 1, the Court concludes that security in the amount of $10,000 is appropriate here. *Cf. Guru Teg Holding v. Maharaja Farmers Mkt., Inc.*, 581 F. Supp. 3d 460, 476 (E.D.N.Y. Aug. 2, 2021).

SO ORDERED.

Dated: February 2, 2024
New York, New York

                                            JOHN P. CRONAN
                                            United States District Judge