

**MARKS & KLEIN, LLC**
*Franchise Focused* ™

___

| | |
|---|---|
| BRENT "GILES" DAVIS<br>Admitted NJ, NY<br>brent@marksklein.com | 331 Newman Springs Rd., Bldg. 1<br>4th Floor, Suite 143<br>Red Bank, NJ  07701<br>T: 732.747.7100<br>F: 732.784.2850<br>www.marksklein.com |

February 11, 2024

**VIA ECF**

Hon. John P. Cronan, U.S.D.J.
United States District Court for the Southern District Of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re: **Asset Co IM Rest, LLC,** *et al* **v. Gerald Katzoff,** *et al*
       Case No. 1:23-cv-09691-JPC

Dear Judge Cronan,

  As the Court is aware, our firm represents Gerald "Jerry" Katzoff ("Katzoff"), IMNY GS, LLC ("IMNY GS"), West 3rd Holdings, LLC d/b/a Il Giglio Tribeca ("West 3rd Holdings"), West 3rd Products, LLC ("West 3rd Products"), IM LLC-I ("IM1"), and GFB Restaurant Corp. ("GFB") (collectively, the "Defendants").  Please accept this correspondence as a letter motion pursuant to Section 5 of your Honor's Individual Rules and Practices in Civil Cases.  Defendants seek a stay of discovery pending the resolution of each Defendant's Motion to Dismiss.

  In their haste to file the instant action, Plaintiffs have filed a "shotgun" pleading with 14 counts, many of which are completely unrelated, against 6 different defendants.  This confusing pleading is made even more perplexing because Plaintiffs make allegations against all the "Defendants" in counts that are only directed at certain parties.  The Court has reviewed Defendants' premotion letters regarding the Motions to Dismiss and Plaintiffs' response thereto.  The Court has issued the following briefing schedule for the Motions to Dismiss: Opening Briefs by March 11, 2024, Opposition Briefs by April 15, 2024, and Reply Briefs by May 3, 2024." Dkt. 84 at 2.  The Court also ordered that by "February 12, 2024, the parties shall submit a proposed case management plan and scheduling order…." Id.

  On February 6, 2024, counsel for the parties met and conferred telephonically regarding the new proposed case management plan and scheduling order.  Pursuant to Local Civil Rule 37.2, Counsel for Defendants asked if Plaintiffs would consent to a stay of discovery pending the resolution of the Motions to Dismiss.  Counsel for Plaintiffs advised that Plaintiffs will not consent and intend to serve discovery requests in the near future.  On February 7, 2024, Plaintiffs served overly broad and expansive discovery on Defendants in the form of Plaintiffs' First Set of Requests for Production (the "RFP"), a copy of which is attached hereto as Exhibit A.

Hon. John P. Cronan, U.S.D.J.
February 11, 2024
Page 2

"'Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c).'"  Valentini v. Grp. Health Inc., 2021 U.S. Dist. LEXIS 42772, at *2, 2021 WL 861275 (S.D.N.Y. Mar. 8, 2021) (quoting Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted)).  "In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess the particular circumstances and posture of each case." Valentini at *2 (internal quotations and citations omitted).  "Courts generally consider 'the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.'"  Id. at *2-3 (quoting Republic of Turkey, 316 F. Supp. 3d at 677.)

Here, discovery should be stayed because: (1) the forthcoming motions to dismiss are potentially dispositive; (2) discovery would be burdensome; and (3) Plaintiffs will not be prejudiced by a stay of discovery.

Defendants' motions to dismiss, as set forth in Dkt. Nos. 57-62, (the "MTD Premotion Letters") seek dismissal based upon several issues contained in the Complaint including failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Each motion will also seek, in the alternative, a more definite statement pursuant to Fed. R. Civ. P. 12(e) as the Complaint contains 130 paragraphs making allegations to simply "Defendants," even in claims directed only at certain Defendants.  If granted, these Motions would dismiss claims, or even entire parties, from the instant action.  At the very least, Defendants would not be required to file answers and counterclaims until sometime *after* May 2024.

While Defendants do not expect "the Court [to] prejudge the merits of this case, Defendants have made a sufficient showing on the merits, which could potentially be dispositive, that weighs in favor of a stay."  Valentini at *4 (citing Ellington Credit Fund, Ltd., 2008 U.S. Dist. LEXIS 133066, 2008 WL 11510668, at *3 ("Without prejudging the merits of the motion to dismiss, the Court finds that these arguments are potentially dispositive and sufficiently substantial to support a stay of discovery."); ITT Corp. v. Travelers Cas. & Sur. Co., No. 3:12 Civ. 38 (RNC), 2012 U.S. Dist. LEXIS 100033, 2012 WL 2944357, at *4 (D. Conn. July 18, 2012) ("The defendant's motion is potentially dispositive and appears to have substantial grounds."); Niv v. Hilton Hotels Corp., No. 06 Civ. 7839 (PKL), 2007 U.S. Dist. LEXIS 12776, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (granting a stay where the defendants' motion "appears not to be unfounded in the law").  As set forth in the MTD Premotion Letters, the motions to dismiss are potentially dispositive, have substantial grounds and are founded in well-settled law.  This favors a stay of discovery.

"The burden on Defendants of responding to discovery also weighs in favor of a stay." Valentini at *4.  Like in Valentini, "Plaintiffs are seeking wide-ranging, expansive discovery." Id.  By way of example, Plaintiffs are seeking: "[c]opies of all monthly, annual, or otherwise periodic financial statements, for the period from 2000 through the present, for or Concerning GFB, IM-I, IMNY GS, West 3rd Products, West 3rd Holdings, Il Mulino West Third Street, Il Mulino Tribeca, and Il Giglio Tribeca." Exhibit A at 9.  Given that there are serious questions as to what claims or parties will remain in this case after the Court rules on the motions to dismiss, it is extremely prejudicial and burdensome to have any of these parties incur the time and expense of gathering, reviewing, and preparing for production *twenty-five years* worth of financial data.  Many of the remaining thirty-six requests for production contain similarly expansive requests.  See Exhibit A.  "Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties'

Hon. John P. Cronan, U.S.D.J.
February 11, 2024
Page 3

resources and would constitute an undue burden on defendants." <u>Rivera v. Heyman</u>, 96 Civ. 4489 (PKL), 1997 U.S. Dist. LEXIS 2003 at *3, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997).

  Finally, Plaintiffs will suffer no prejudice as a result of a stay. Defendants anticipate that Plaintiffs will respond that they would be prejudiced by a delay in discovery. "Some delay is, of course, an inherent feature of a discovery stay." <u>Valentini</u> at *5 (citing <u>Stanley Works Israel Ltd. v. 500 Grp., Inc.</u>, No. 3:17 Civ. 01765 (CSH), 2018 U.S. Dist. LEXIS 70217, 2018 WL 1960112, at *3 (D. Conn. Apr. 26, 2018) ("Suffice it to say that a delay would prejudice Plaintiff, but no more so than any other litigant seeking prompt resolution of its claims."). This case is in its earliest stages as this case was only filed in "mid-November." <u>Valentini</u> at *5. Moreover, there is a Preliminary Injunction in place which would remain in full force throughout the stay. "At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." <u>Id</u>. at *5-6 (internal citations and quotations omitted).

  For these reasons, Defendants respectfully ask the Court to enter an order to stay discovery until the Court resolves Defendants' forthcoming motions to dismiss.

  We thank the Court for its attention to this matter. I can be contacted at 732-322-8978 or <u>brent@marksklein.com</u> if the Court requires anything further. Thank you for your consideration.

            Respectfully submitted,

            <u>s/ Brent M. Davis, Esq.</u>

cc: All Counsel of Record via ECF

Plaintiffs shall respond to Defendants' letter by February 20, 2024.

SO ORDERED.
Date: February 12, 2024
New York, New York

            _____
            JOHN P. CRONAN
            United States District Judge