UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
ASSET CO IM REST, LLC et al,                                   :
                                                               :
                    Plaintiffs,                                :
                                                               :       ORDER
       -v.-                                                    :
                                                               :       23 Civ. 09691 (JPC) (GWG)
GERALD "JERRY" KATZOFF et al,                                  :
                                                               :
                    Defendants.                                :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

      The Court has considered the defendants' motion for a protective order with regard to the deposition of defendant Gerald Katzoff and plaintiff's opposition (Docket ## 172, 173, 174, 176). It appears that defendants have not filed a reply.[1]

      The Court agrees with plaintiffs that defendants have not met their burden of justifying their request for a protective order. The medical letter provided describes Mr. Katzoff's diagnosis and treatment but conspicuously fails to describe what his physical limitations are. While it asserts that Mr. Katzoff requires "time to recuperate," this phrase is almost meaningless. Many people who have undergone surgery are able to undertake non-physically-demanding activities during their recuperation. In the end, the doctor's letter fails to explain why Mr. Katzoff could not sit for a deposition in one or two hour increments (presumably by video or in the location of his choosing). It simply gives no information as to what prevents him from doing so.

      Additionally, the defendants' application leaves the Court in the dark as to what exactly Mr. Katzoff does during his waking hours currently. Mr, Katzoff provides no affidavit as to his activities. Thus, defendants have done nothing to contradict plaintiff's allegation that Mr. Katzoff was working for "short periods of time" as early as June. It is presumed that if Mr. Katzoff is able to engage in work he is also able to answer questions at a deposition.

      The application for a protective order (Docket # 172) is therefore denied on the current record. The deposition should be scheduled to be completed by September 25, 2025.

---

[1] While the docket sheet shows that a "reply" was filed (Docket ## 174, 176), the document at issue is in fact plaintiffs' opposition. Apparently, opposition was mistakenly characterized by plaintiffs in their ECF filing as a "reply."

1

Nonetheless, the Court will <u>sua sponte</u> stay the denial if defendants elect to supply information in a supplemental filing that would justify granting their application as set forth in this paragraph. Such supplemental filing must at a minimum include the letter of a medical professional that specifically describes Mr. Katzoff's limitations and explains why those limitations prevent Mr. Katzoff from sitting and answering questions in short increments. It must also include a sworn statement from Mr. Katzoff that describes the activities he has engaged in since June 16, 2025, up until the present, including but not limited to a description of any work activities he has engaged in. It must also give the dates of any medical appointments that Mr. Katzoff has had since June 18, 2025, that relate to his physical abilities or his current treatment and the specific dates for any future appointments. (It is unclear why defendants state only that the next appointment with the treating doctor is in "October" without revealing the specific date.)

If defendants elect to supplement their application, they shall inform plaintiffs forthwith. The supplement shall be filed on or before September 15, 2025. Any opposition shall be filed by September 22, 2025. Any reply may be filed by September 25, 2025.

If plaintiffs request medical records from defendants, defendants shall supply records specific to Mr. Katzoff's condition on an expedited basis.

In sum, the motion for a protective order (Docket # 172) is denied. Additionally, the motion to seal (Docket # 175) is granted because the redacted portions of the motion papers contain sensitive personal information about the defendant's medical condition.

SO ORDERED.

Dated: New York, New York
       August 26, 2025

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge